# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LORENZITA LOPEZ,

    Plaintiff,

v.                                          Civil No. 99-906 WWD/RLP

PRUDENTIAL INSURANCE COMPANY,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand to State District Court, filed October 7, 1999 **[docket # 15]**. Plaintiff is suing Defendant for what she alleges to be her share as a beneficiary of proceeds from her deceased boyfriend's life insurance policy. Plaintiff filed an amended complaint in state court adding two other Defendants, University of California and Annabel Rivera, who administered the benefit section for employees of Los Alamos, where the Decedent had been employed. Defendants argue, *inter alia*, that these non-diverse Defendants were fraudulently joined to defeat removal.[1] For reasons stated below, this case should be remanded to state court based on lack of jurisdiction.

## Background

The facts in the amended complaint assert that the Decedent had designated his brother as the sole beneficiary of life insurance proceeds and did not file any subsequent change of beneficiary form with Prudential. However, the Decedent had also signed a Last Will and Testament ("Will") specifically providing that the proceeds of his life insurance policy be divided

---

[1] The added Defendants were not included in the caption on the removal notice.

between the Decedent's son (70% of the proceeds) and Lorenzita Lopez[2] (30% of the proceeds). Plaintiff contends that the Will provided substantial compliance with the change of beneficiary provisions and that therefore the funds should have gone to the son and Plaintiff. Plaintiff also asserts that when Decedent had requested change of beneficiary forms from University of California and Annabel Rivera, he received only a change of beneficiary form relating to his retirement benefits, and not his life insurance benefits. Plaintiff asserts claims of negligence, breach of fiduciary duty and interference with economic opportunity, and seeks declaratory relief.

Plaintiff contends that remand is warranted because of the amount in controversy, because non-diverse Defendants have been properly joined and because Prudential had not obtained the concurrence of the non-Prudential Defendants in the removal. I need not address these last two issues because I find that the amount in controversy in this case does not exceed $75,000.00, as required by 28 U.S.C. § 1332, thereby depriving this Court of jurisdiction over Plaintiff's claims.

**Discussion**

Federal court jurisdiction is to be strictly construed. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing in the Notice of Removal the underlying facts establishing that the amount in controversy exceeds $75,000.00. See Laughlin, 50 F.3d at 873.

---

[2] Ms. Lopez is also referred to as Lorencita Martinez elsewhere in the pleadings, as well as in the copy of the Will, attached to the amended complaint.

When the amount in controversy is not clear from the face of the complaint, a federal court may look to the notice of removal. Id. In this case, the amended complaint seeks an amount of "approximately $40,000 plus costs, attorney's fees, and such other relief as this Court may deem just and proper." Thus, Plaintiff here is not seeking more than the required jurisdictional amount. See Massachusetts Cas. Ins. Co. v. Harmon, 88 F.3d 415, 416 (6th Cir. 1996) (citation omitted) (a district court should consider the amount alleged in a complaint and should not dismiss a complaint for lack of subject matter jurisdiction "unless it appears to a legal certainty that the plaintiff in good faith cannot claim the jurisdictional amount"); Blankenship, 20 F.3d 383, 386 (10th Cir. 1994).

Defendant's position is that the face value of the entire policy, i.e., $136,000.00, should be considered because even though Plaintiff does not claim more than a 30% share, a declaratory judgment would affect the entire amount of the proceeds. While courts have found that when the validity of the policy is at issue, the proper measure of damages is the face value of the policy, such is not the case here. Prudential is not attempting to rescind the policy, nor is there a question whether the insurer has an obligation to pay out. The proceeds are going to be disbursed; the question concerns only *who* will be receiving them. Cmp.e.g., Massachusetts Cas.Ins.Co. v. Harmon, 88 F.3d 415, 416 (6th Cir. 1996) (face value of policy exceeded jurisdictional amount in claim involving recission of policy) (citing Button v. Mutual Life, 48 F.Supp. 168, 171 (W.D.Ky 1943) (where matter in controversy involved only liability of insurer to make payments on disability policy which had already accrued, value of policy itself was not at issue and jurisdiction was determined by the amount involved in the particular case).

Because it is apparent from the allegations in the amended complaint that the amount in

3

controversy is less than $75,000.00, remand is justified. Gerig v. Krause Publications, Inc.,58 F.Supp.2d 1261, 1264 (D.Kan. 1999) ("[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal") (quoting St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288 (1938)); City of Moore, Okla. v. Atchison, Topeka & Santa Fe Railway Co., 699 F.2d 507, 509 (10th Cir. 1983) (dismissal is appropriate only if it appears to a "legal certainty" that the jurisdictional amount is not met).

*Attorney Fees*

This Court has discretion to award costs and attorney's fees associated with an improper removal that was not attempted in good faith. See Asten v. Southwestern Bell Tel. Co., 914 F.Supp. 430, 434 (D.Kan. 1996). I find that Defendant's brief presented valid jurisdictional arguments and that the removal appears to have been attempted in good faith. Therefore, Plaintiff's request for an award of attorney's fees is denied.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Remand to State District Court, **[docket # 15]** be, and hereby is, GRANTED.

_____
UNITED STATES MAGISTRATE JUDGE